UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH RHODES, | : | NO. 1:08-CV-00380 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| THE RICHARDSON GROUP, INC., | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's 12(b)(6) Motion for Dismissal of Count Five of Plaintiff's Complaint (doc. 6), and Plaintiff's Response in Opposition (doc. 14). For the reasons stated herein, the Court DENIES Defendant's Motion.

**I. BACKGROUND**

Plaintiff, Elizabeth Rhodes was terminated as an employee of Defendant, The Richardson Group, Inc., on December 21, 2007. On June 30, 2008, Plaintiff filed an amended complaint, asserting a claim, in Count Five, for violation of good faith and fair dealing in connection with compensation agreements between the parties (doc. 5). Plaintiff alleges that "Defendant has refused to pay Plaintiff commissions earned on sales made prior to her termination in accordance to the Compensation Plan and other agreements it made with Plaintiff" (Id.) Defendant now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count Five, arguing that Plaintiff has failed to state a claim upon which relief can be granted (doc. 6).

## II.  APPLICABLE LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998), and accept as true all the Complaint's factual allegations, Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994).  A court's decision to grant a motion to dismiss may not be based upon a disbelief of the Complaint's factual allegations.  Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995) (courts should neither weigh evidence nor evaluate the credibility of witnesses).  Instead, in its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687 (1974)(overruled on other grounds).  Indeed, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The question before the Court considering a motion to dismiss is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The admonishment to liberally construe the plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading

2

requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)(quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981)). As the Supreme Court recently held in Bell Atlantic Corp. V. Twombly, ---- U.S. ----, 127 S.Ct 1955 (2007), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. See also Ass'n of Cleveland Fire Fighters, et al., v. City of Cleveland, et al. 2007 WL 2768285, *2 (6th Cir. 2007). Additionally, the Court stated that the complaint need not contain detailed factual allegations, but its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

**III. ANALYSIS**

Defendant moves the Court to dismiss Count Five of the Complaint, which alleges a violation of good faith and fair dealing in relation to the parties' compensation agreement (doc. 6). Defendant argues that Plaintiff has failed to state a claim upon

which relief can be granted because Ohio law does not recognize a duty of good faith and fair dealing in the employment relationship (Id., citing Maxwell v. GTE Wireless Serv. Corp., 121 F. Supp. 2d 649, 662 (N.D. Ohio 2000)). In response, Plaintiff argues that because there is a duty of good faith and fair dealing implied in every contract, including employment contracts, and because she has alleged an express written contract with Defendant in the complaint, this Count should not be dismissed (doc. 14, citing Brown v. Otto C. Epp. Memorial Hospital, 41 Ohio App. 3d 198, 199 (Ohio Ct. App. 1987)).

The Court finds Plaintiff's position well-taken. Defendant is correct that a duty of good faith and fair dealing does not exist in an at-will employment situation. Maxwell, 121 F. Supp. 2d 649, 662 (N.D. Ohio 2000); Staffilino Chevrolet, Inc. V. Balk, 813 N.E. 2d 940 (2004); Hundley v. Dayton Power & Light Co., 774 N.E.2d 330 (2002). Here, however, Plaintiff alleges in the complaint an express written contract with Defendant regarding commission payments (doc. 1). Under Ohio law, a duty of good faith and fair dealing is implied in every contract, including employment contracts. Brown, 41 Ohio App. 3d at 199; Bolling v. Clevepak Corp., 484 N.E.2d 1367 (Ohio App. 1987). Therefore, because the Court must accept as true all facts in the Complaint, Broyde,13 F.3d at 996, and because Plaintiff alleges the existence of a contract between herself and the Defendant, the Court does not find

4

it proper to dismiss Count Five of the Complaint. See <u>Burdick v. Anthony</u>, 2007 U.S. Dist. LEXIS 5759 (N.D. Ohio Jan. 26, 2007).

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion for Partial Dismissal of Plaintiff's Complaint (doc. 6).

SO ORDERED.

Dated: January 29, 2009         /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge